Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| MARIBEL PAGÁN VARGAS, ÁNGEL MANUEL LÓPEZ COLÓN; JAVIER NÚÑEZ PAGÁN<br>Peticionarios<br><br>v.<br><br>DR. PEDRO A. CABRERA BONET, FULANA DE TAL Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA ENTRE AMBOS; DR. ROBERTO CASTRO VELÁZQUEZ, GRISSEL QUINONES RIVERA Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA ENTRE AMBOS<br>Recurridos | TA2026CE00613 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.<br>A DP2018-0049<br><br>Sobre:<br>Daños y Perjuicios (Impericia Médico-Hospitalaria) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparecen los Sres. Maribel Pagán Vargas, Ángel Manuel López Colón y Javier Núñez Pagán (los peticionarios) mediante recurso de *certiorari*. Solicitan nuestra intervención para que revoquemos ciertas resoluciones emitidas, el 29 de agosto de 2025 y el 10 de abril de 2026[1], respectivamente, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI).

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

I. **Resumen del tracto procesal**

Según se desprende del expediente del caso de epígrafe, el 13 de junio de 2025, el TPI emitió una *Sentencia* a través de la cual declaró No Ha Lugar la reclamación judicial de daños por impericia médica presentada por los peticionarios contra: 1) el Dr. Pedro A. Cabrera Bonet, su cónyuge y la

---

[1] Notificada el 14 de abril de 2026.

Sociedad Legal de Bienes Gananciales compuesta por ambos; 2) el Dr. Roberto Castro Velázquez, su cónyuge y la Sociedad Legal de Bienes Gananciales compuesta por ambos; 3) el Dr. Joseph Taverne, su cónyuge y la Sociedad Legal de Bienes Gananciales compuesta por ambos; 4) el Dr. José Del Río Ferrer, su cónyuge y la Sociedad Legal de Bienes Gananciales compuesta por ambos; 5) el Hospital San Carlos Borromeo, radicado en el Municipio de Moca; 6) el Hospital Perea, localizado en el Municipio de Mayagüez; y 7) Boston Scientific y/o Boston Scientific del Caribe Inc., localizado en los Municipios de Dorado y San Juan (en conjunto, los recurridos).[2] En síntesis, el foro *a quo* concluyó que los peticionarios no probaron satisfactoriamente los elementos de una reclamación por impericia médica.

Así las cosas, el 30 de junio de 2025, los peticionarios presentaron una *Moción Solicitando Reconsideración o en la Alternativa Nuevo Juicio.*[3] En lo que nos concierne, adujeron que la *Sentencia* en cuestión contenía una serie de determinaciones de hechos que eran contradictorias entre sí. Asimismo, sostuvieron que, contrario a lo resuelto por el TPI, sí probaron la impericia médica de los galenos recurridos. Ante lo cual, solicitaron al foro de instancia la reconsideración de la *Sentencia,* y/o la celebración de un nuevo juicio, al amparo de la Regla 48.1(c) de Procedimiento Civil, en caso de que no reconsiderase su dictamen.

Luego de evaluada la referida moción, junto con sus respectivas oposiciones y réplicas, el 28 de agosto de 2025, el foro recurrido emitió una *Resolución* declarando No Ha Lugar el nuevo juicio solicitado.[4]

Posteriormente, el 22 de diciembre de 2025, los peticionarios presentaron una *Moción de Relevo al Amparo de la Regla 49.2*[5]*,* ante el propio foro primario. Arguyeron que, por una inadvertencia excusable, no advinieron en conocimiento de la *Resolución* precedentemente discutida hasta que fue

---

[2] Véase, Entradas Núm. 14 y 15 de SUMAC-TA, Apéndice del Recurso de *Certiorari*, págs. 33-71.
[3] Véase, Entrada Núm. 15 de SUMAC-TA, Apéndice del Recurso de *Certiorari*, págs. 73-88.
[4] Véase, Entrada Núm. 16 de SUMAC-TA, Apéndice del Recurso de *Certiorari*, pág. 127.
[5] *Íd.*, págs. 131-145.

traída a su atención por los representantes legales de los recurridos, a través de una comunicación escrita. Entonces, al entender que estaban presente las circunstancias especiales a las que alude la Regla 49.2 de Procedimiento Civil, *infra*, para propósitos de relevar los efectos de una sentencia, peticionaron al TPI que dejase sin efecto la *Resolución* en cuestión.

Sopesada esta última solicitud, el foro recurrido emitió otra *Resolución,* el 10 de abril de 2026[6], declarando No Ha Lugar la solicitud de relevo de sentencia instada por los peticionarios.[7] Al así determinar dicho foro razonó que el mecanismo de relevo de sentencia no relevaba a una parte de una resolución por un mero descuido, y tampoco podía ser utilizado para extender de forma indirecta el término para recurrir en apelación.

Inconformes, los peticionarios presentaron el recurso de *certiorari* que nos ocupa, en el que imputaron al TPI la comisión del siguiente error:

> Err[ó] el Honorable Tribunal de Primera Instancia al Denegar la Moci[ó]n de Relevo de Resoluciones al Amparo de la Regla 49.2 Pr.Civ.Pr.[8]

Por su parte, el Dr. Cabrera Bonet compareció mediante *Oposición a Expedición del Auto de Petición de Certiorari*, mientras que el Dr. Castro Velázquez, su cónyuge y la Sociedad Legal de Bienes Gananciales compuesta por ambos, presentaron un *Memorando en Oposición a Expedición de Auto de Certiorari.*[9]

Con el beneficio de la comparecencia de las partes, resolvemos.

## II. Exposición de Derecho

a.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita

---

[6] Notificada el 14 de abril de 2026, según ya mencionamos.
[7] Véase, Entrada Núm. 16 de SUMAC-TA, Apéndice del Recurso de *Certiorari*, pág. 176-177.
[8] Véase, Entrada Núm. 3 de SUMAC-TA.
[9] Véase, Entradas Núm. 8 y 9 de SUMAC-TA.

al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023); *Mun. Caguas v. JRO Construction, Inc.,* supra*,* pág. 711*.* El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Mun. Caguas v. JRO Construction, Inc.,* supra*,* págs. 711-712; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

Respecto a ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40[10] de nuestro Reglamento,

---

[10]   A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
       B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730. Además, en su mayor parte, las determinaciones interlocutorias pueden esperar hasta la conclusión final del caso para ser revisadas en apelación, juntamente con la sentencia dictada en el pleito. *IG Builders et al. v. BBVAPR,* supra, pág. 336.

b.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es una herramienta procesal que permite a una parte solicitar al tribunal el relevo de los efectos de una sentencia por causa justificada; es decir, por alguno de los fundamentos allí establecidos. En lo específico, la regla citada dispone lo que sigue:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) Error, inadvertencia, sorpresa o negligencia excusable;

---

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

La moción de relevo de sentencia es un mecanismo *post sentencia* creado con el objetivo de impedir que sofisticaciones y tecnicismos puedan privar los fines de la justicia. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *Náter v. Ramos*, 162 DPR 616, 624, (2004); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior*, 87 DPR 903, 905–906 (1963). No obstante, aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, porque a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. Les toca a los tribunales, pues, establecer un balance adecuado entre ambos intereses. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003); *Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457–458 (1974).

Para que proceda el relevo de sentencia de conformidad con la Regla 49.2 de las de Procedimiento Civil, *supra*, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. Es decir, la parte peticionaria está obligada a justificar su solicitud amparándose en una de las causales establecidas en la regla. *García Colón et al. v. Sucn. González*, supra, pág. 540; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). Además, relevar a una parte de los efectos de una sentencia **es una decisión discrecional del tribunal**, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. (Énfasis provisto). *García Colón et al. v. Sucn. González*, supra; *Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga*

*Gordils v. Maldonado Colón,* 109 DPR 817, 823–824 (1980); R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352.

En cuanto a la interpretación de dicho mecanismo procesal, nuestro más alto Foro ha reiterado que **no puede ser utilizado en sustitución de los recursos de revisión o reconsideración**. (Énfasis provisto). *García Colón et al. v. Sucn. González,* supra, pág. 541. Además, este mecanismo procesal no está disponible para corregir errores de derecho, por lo que *un error de derecho no da margen al relevo. Id.* 547.

Sin embargo, una moción de relevo de sentencia debe ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita se deje sin efecto la sentencia. *García Colón et al. v. Sucn. González,* supra, a las págs. 540-541; *Náter v. Ramos,* supra, a las págs. 624-625.

Además, la moción de relevo de sentencia debe presentarse dentro de un término razonable que en ningún caso exceda los seis meses que para ello dispone la Regla 49.2 de Procedimiento Civil, *supra. García Colón v. Sucn. González,* supra, pág. 543. Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. *Id.*

Sin embargo, el plazo aludido es inaplicable cuando se trata de una sentencia nula. *García Colón et al. v. Sucn. González,* supra, a la pág. 543; *Pardo v. Sucn. Stella,* 145 DPR 816, 824 (1998). Por ejemplo, una sentencia es nula si ha sido dictada por un tribunal o foro sin jurisdicción. Como es sabido, una sentencia nula tiene que dejarse sin efecto, independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. Por tanto, ante la certeza de que una sentencia es nula, resulta mandatorio declarar su inexistencia jurídica, y no cabe hablar de discreción en cuanto a tal proceder. Ello así, independientemente de que la solicitud se haga luego de transcurrido el plazo de seis meses establecido en la Regla 49.2 de las de Procedimiento Civil, *supra. García Colón et al. v. Sucn. González,* supra, págs. 543-544.

### III. Aplicación del Derecho a los hechos

En el presente caso, los peticionarios alegan, en resumen, que el foro de instancia incidió al denegar su solicitud de relevo de sentencia, toda vez que entienden que están presentes las circunstancias específicas a las que se refiere la Regla 49.2 de Procedimiento Civil, *supra.* Adujeron, además, que no pretendían reabrir el caso, ni relitigarlo, y la concesión del remedio solicitado no causaría perjuicio a los recurridos.

En riposta, el Dr. Cabrera Bonet argumenta, en suma, que lo solicitado por los peticionarios sustituiría el criterio discrecional del foro recurrido y les exoneraría de las consecuencias que acarrea la falta de presentación oportuna de un recurso apelativo. Por su parte y, *grosso modo,* el Dr. Castro Velázquez, su cónyuge y la Sociedad Legal de Bienes Gananciales compuesta por ambos sostienen que la omisión de revisar las notificaciones emitidas por un tribunal no constituye la negligencia excusable aludida en la precitada regla procesal para solicitar un relevo de sentencia o resolución.

Examinado el expediente ante nosotros, junto a los argumentos de las partes, no apreciamos que se justifique nuestra intervención en el curso decisorio tomado por el foro primario, en tanto está inobservado el prejuicio, la pasión o el error manifiesto que nos habilitaría para ello. Según discutido en el Derecho aplicable, relevar a una parte de los efectos de una sentencia —o resolución, como sucede en este caso— **es una decisión discrecional del tribunal.** (Énfasis provisto). *García Colón et al. v. Sucn. González,* supra; *Rivera v. Algarín,* 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 823–824 (1980); R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352. Al decir lo anterior, no pasa por inadvertido que nuestro más alto Foro ha resuelto en numerosas ocasiones que este mecanismo procesal **no puede ser usado a los fines de sustituir un recurso de revisión o reconsideración.** *García Colón et al. v. Sucn. González,* supra, pág. 541. Según surge del expediente, la *Resolución* que declaró No Ha Lugar la solicitud de reconsideración y/o nuevo juicio de los peticionarios fue

debidamente notificada, pero por su propia inadvertencia, no advinieron en conocimiento de la referida determinación pasado el término para su revisión, y tal omisión no se encuentra dentro de las causas que la Regla 59.2, supra, admite o prevé como relevantes para conceder el relevo de la sentencia.

En definitiva, reiteramos, no identificamos fundamentos que justifiquen la intervención apelativa con el ejercicio discrecional efectuado por el foro recurrido.

## IV. Parte dispositiva

Por los fundamentos expuestos, denegamos expedir el auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones